**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4140**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MICHAEL ROY WOOD,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:08-cr-00021-LHT-1)

Submitted:  June 30, 2010          Decided:  July 14, 2010

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy Litka, LAW OFFICE OF TIMOTHY LITKA, LLC, Washington, D.C., for Appellant.  Corey F. Ellis, OFFICE OF THE UNITED STATES ATTORNEY, Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Wood pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). The district court sentenced Wood to 180 months of imprisonment and Wood now appeals. His appellate attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Wood's trial counsel provided effective assistance, but stating that there are no meritorious issues for appeal. Although Wood was informed of his right to file a pro se supplemental brief, he has not done so. Finding no error, we affirm.

To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In addition, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

2

Furthermore, this court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record. <u>United States v. Baldovinos</u>, 434 F.3d 233, 239 (4th Cir. 2006). We have thoroughly reviewed the record and conclude that ineffective assistance does not conclusively appear on the record. We therefore decline to address this claim on direct appeal.

We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Wood, in writing, of the right to petition the Supreme Court of the United States for further review. If Wood requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wood. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3